## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————————————————
SUPER 8 WORLDWIDE, INC.,          :

                         :     Civil Action No. 12-00048 (ES)

               **Plaintiff,**     :

v.                         :

                         :     **AMENDED MEMORANDUM**

ROSHNI HOSPITALITY, L.L.C.; and   :     **OPINION & ORDER**

YASWANT PATEL,           :

                         :

            **Defendants.**    :

—————————————————————————————————:

**SALAS, DISTRICT JUDGE**

       The instant Opinion and Order amends the Court's prior Order in this action.  (D.E. No. 10).  This action comes before the Court on the motion of Plaintiff Super 8 Worldwide, Inc. ("SWI") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiff's submissions, and it appearing that:

1.    Plaintiff commenced this civil action on January 3, 2012.  (D.E. No. 1).

2.    Defendant Yaswant Patel was served with a copy of the Summons and Complaint on January 11, 2012.  (D.E. No. 4).

3.    Defendant Roshni Hospitality, L.L.C. was served with a copy of the Summons and Complaint on February 24, 2012.  (D.E. No. 5).

4.    The time for answering the Complaint has expired, and Defendants have neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the Complaint.

5.    On June 15, 2012, SWI sent the Clerk of Court a letter requesting that default be entered against Roshni Hospitality, L.L.C. and Yaswant Patel.  (D.E. No. 8).

6.    On June 21, 2012, the Clerk of Court entered default as to these Defendants.  (D.E.

dated June 21, 2013)

7.  On July 25, 2012, Plaintiff filed the present motion seeking default judgment.  (D.E. No. 9).

8.  Plaintiff provided Defendants with notice of the motion for default judgment and related documentation.  (*See id.*).

9.  On March 26, 2013, the Court issued an Opinion and Order in this case granting, in part, SWI's motion seeking default judgment.  However, the Court ordered SWI to submit supplemental briefing regarding certain damages SWI sought: "actual damages" and attorneys' fees.  (D.E. No. 10).

10.  On April 9, 2013, SWI submitted supplemental briefing supporting its argument for actual damages in the amount of $21,929.20 and attached proof of attorneys' fees and costs in the amount of $8,005.06.  (D.E. No. 11).

11.  To date, Defendants have not opposed SWI's motion for default judgment. Thus, the Court accepts the allegations of the Complaint as true and admitted by the Defendants.  *See Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895, 2011 U.S. Dist. LEXIS 77650, at *6 (D.N.J. July 18, 2011).  For that reason, the Court finds that SWI's allegations establish that the Defendants breached the franchise agreement with Plaintiff.

12.  Therefore, this Court concludes that an entry of default judgment against the Defendants is warranted for the following two reasons.  First, Defendants are culpable because they have not proffered a meritorious defense in response to Plaintiff's claims.  *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 U.S.

Dist. LEXIS 71738, at *4-5 (D.N.J. Sept.8, 2008) (stating that "[defendants] are presumed culpable where they have failed to answer, move or otherwise respond"). Second, Plaintiff has suffered economic loss as a result of the Defendants' failure to respond, and will continue to suffer if default judgment is not granted.

Accordingly, IT IS on this 18th day of February, 2014,

**ORDERED** that Plaintiff's motion for default judgment is GRANTED, and it is

**ORDERED** that judgment is hereby entered against Roshni Hospitality, L.L.C., and Yaswant Patel in favor of SWI in the total amount of $69,829.28.   The total amount of $69,829.28 is comprised of the following:

1. $34,859.07 for recurring fees and interest up to July 9, 2012;

2. $5,035.95 for interest on the amount of recurring fees calculated at the legal rate of 1.5% per month from July 9, 2012 through February 18, 2014, using simple interest rather than compound interest;

3. $21,929.20 for actual damages; and

4. $8,005.06 for attorneys' fees and costs; and it is further

**ORDERED** that beyond the date of this Final Judgment, post-judgment interest with respect to the total amount of this Final Judgment will continue to accrue at that rate allowed by law until the Judgment is paid in full; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

_s/Esther Salas_____
**Esther Salas, U.S.D.J.**